UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PATRICIA CALKINS, f/n/a/
PATRICIA OETMAN,

No. CIV. 08-2205 FCD DAD

       Plaintiff,

  v.                   <u>MEMORANDUM AND ORDER</u>

BANKERS LIFE AND CASUALTY
COMPANY; MICHAEL A. NOWAK; THE
BUNKER INSURANCE GROUP, INC.,

       Defendants.

----oo0oo----

    This matter is before the court on plaintiff Patricia Calkins' ("Calkins") motion to remand this action to the Superior Court of California for the County of Placer pursuant to 28 U.S.C. § 1447 on the grounds that all defendants failed to join in or consent to defendant Bankers Life and Casualty Company's ("Bankers") Notice of Removal.  Defendant Bankers opposes the motion.  For the reasons set forth below,[1] plaintiff's motion to remand is DENIED.

_____

[1]    Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

## BACKGROUND

On July 25, 2008, plaintiff filed a complaint in the Superior Court of California for the County of Placer, alleging claims for (1) Negligent Misrepresentation against all defendants; (2) Intentional Misrepresentation against all defendants; and (3) Professional Negligence against defendant Michael A. Nowak ("Nowak") and The Bunker Insurance Group, Inc. ("Bunker"). (Compl., Ex. 1 to Notice of Removal, filed Sept. 17, 2008.) Defendant Bankers was served with the Summons and Complaint in the action on or about August 18, 2009. (Notice of Removal, filed Sept. 17, 2008, ¶ 1.) Plaintiff filed proof of service with the Placer County Superior Court on September 24, 2008. (Decl. of Lissa A. Martinez in Supp. of Pl.'s Mot. to Remand ("Martinez Decl."), filed Oct. 16, 2008, ¶ 3.) On September 2, 2008, plaintiff served defendant Bunker with the Summons and Complaint. (Id. 4). Proof of service was filed September 24, 2008. (Id.) On September 12, 2008, plaintiff served defendant Nowak with the Summons and Complaint. (Id. ¶ 5.) Proof of service was filed on October 10, 2008. (Id.)

Defendant Bankers removed the case to this court on September 17, 2008, on the basis of diversity jurisdiction. Prior to filing the Notice of Removal, Bankers' counsel attempted to discover whether Bunker and Nowak hade been served with the Summons and Complaint. (Decl. of John R. Hurley in Supp. of Opp'n to Mot. to Remand ("Hurley Decl."), filed Nov. 25, 2008, ¶¶ 2-3.) On September 15 and 16, counsel left voice messages at a phone number for Bunker, inquiring whether it had been served, but no one from Bunker returned the calls. (Id. ¶ 2.) On

1 September 15 and 16, counsel also attempted to reach Nowak at a

2 phone number obtained through an internet based "people finder."

3 (Id. ¶ 3.)  However, no one answered and there was no answering

4 machine or voice mail system.  (Id.)  As such, Bankers asserted

5 that at the time of removal, it was informed and believed "that

6 it is the only defendant that has been served with the Summons

7 and Complaint in this action."  (Notice of Removal ¶ 7.)  Bankers

8 did not receive copies of the proofs of service upon Bunker and

9 Nowak until October 16, 2008.  (Hurley Decl. ¶ 7.)

10 **ANALYSIS**

11    Plaintiff contends that defendant Bankers' Notice of Removal

12 is procedurally defective because all defendants did not join in

13 or consent to removal of the case to federal court within thirty

14 days of service on the last defendant.  Defendant contends that

15 the failure to obtain the consent of all defendants is not a

16 basis for remand because it exercised reasonable diligence in

17 attempting to ascertain whether defendants had been served.

18    "[A]ny civil action brought in State court of which the

19 district courts of the United States have original jurisdiction,

20 may be removed by the defendant or the defendants, to the

21 district court" in which the action is pending.  28 U.S.C. §

22 1441(a).  Section 1446 requires all defendants that have been

23 served with process in the state court action to join or consent

24 to the removal notice.  See Prize Frize, Inc. v. Matrix (U.S.)

25 Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), overruled on other

26 grounds by Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 670 (9th

27 Cir. 2006).  If fewer than all the defendants have joined in a

28 removal action, the removing party has the burden of explaining

3

1 the absence of any co-defendants in the notice for removal.  Id.

2    Various courts, including those in the Ninth Circuit,[2] have

3 interpreted the requirement that all defendants must join in or

4 consent to removal as imposing an obligation to join only those

5 defendants: "(1) who have been served; and (2) whom the removing

6 defendant(s) actually knew or should have known had been served."

7 Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569, 573 (W.D.

8 Tex. 1992); see Lopez v. BNSF Ry. Co., No. 07-cv-1417, 2007 WL

9 4326734, at *4-5 (E.D. Cal. Dec. 7, 2007); Parker v. California,

10 No. 98-4844, 1999 WL 111889, at *2 (N.D. Cal. Feb. 26, 1999); see

11 also Cmty Bldg. Co. v. Maryland Cas. Co., 8 F.2d 678, 678-79 (9th

12 Cir. 1926) (consent only required by defendants who have been

13 served); Rodriguez v. County of Stanislaus, No. 08-cv-0856, 2008

14 WL 4765110, at *4-6 (E.D. Cal. Oct. 30, 2008).  But see Anglada

15 v. Roman, No. 06 Civ. 10173, 2006 WL 3627758, at *2 (S.D.N.Y.

16 Dec. 12, 2006) ("This court will not expand the scope of the

17 exceptions to allow for removal *without* the consent of all

18 defendants who have been properly served by the time the removal

19 petition is filed so long as the moving defendant had no

20 knowledge that its co-defendants had in fact been served.").

21 Moreover, "[t]he constructive notice element should only be

22 applied to removing defendants who had a reasonable time to

23 become aware of the filing of such service and had a reasonable

24 time in which to obtain the consent or joinder of such other

25 defendants."  Id.; Parker, 1999 WL 111889, at *2.  Where service

26

27    [2]   A review of the parties' submissions as well as the
court's independent inquiry reveals that the Ninth Circuit has
28 not addressed this issue.

1  could not be discerned through "reasonable diligence" of the

2  removing defendant, the requirement that all defendants join in

3  or consent is satisfied and not a basis for remand.  Id.; Lopez,

4  2007 WL 4326734, at *5.

5      Some courts have held that a defendant's consultation of a

6  state court docket to determine whether proofs of service were

7  filed demonstrates reasonable diligence.  Lopez, 2007 WL 4326734,

8  at *5 (holding that the removing defendant was reasonably

9  diligent, and thus, not required to join or obtain consent from

10  other defendants, where the defendant checked the state court

11  docket to ascertain whether the other named defendants had been

12  served prior to filing their notice of removal); see Laurie v.

13  Nat'l R.R. Passenger Corp., No. Civ. 01-6145, 2001 WL 34377958,

14  at *1 (E.D. Pa. Mar. 13, 2001) (holding that the removing

15  defendant was reasonably diligent where it checked the state

16  court docket repeatedly for proof of service and called the

17  Office of the Prothonotary on more than occasion to learn whether

18  any such proof of service had been docketed); Milstead, 797 F.

19  Supp. 569 (holding that the removing defendant was reasonably

20  diligent where the notice of removal was filed three hours after

21  the return of service on the non-removing defendant).  Other

22  courts have noted that more is required, such as attempting to

23  contact the non-removing defendant.  Pianovski v. Laurel Motors,

24  Inc., 925 F. Supp. 86, 87 (N.D. Ill. 1996); see also Harlow

25  Aircraft Mfg., Inc. v. Dayton Mach. Tool Co., No. 04-1377, 2005

26  WL 1153600, at *3 (D. Kan. May 16, 2005); Keys v. Konrath, No.

27  93C7302, 1994 WL 75037, at * 2 (N.D. Ill. Mar. 10, 1994).

28  /////

1    In this case, defendant Bankers was reasonably diligent in

2 seeking to ascertain whether the other named defendants had been

3 served prior to removal.[3]  At the time of removal, there were no

4 proofs of service filed with the Placer County Superior Court

5 indicating that either Bunker or Nowak had been served with the

6 complaint.  Rather, plaintiff did not file proofs of service

7 until September 24, 2008 (Bankers and Bunker) and October 10,

8 2008 (Nowak).  As such, a review of the state court docket would

9 not have put defendant Bankers on notice that any of the other

10 defendants had been served.  See Lopez, 2007 WL 4326734, at *5;

11 cf. Parker, 1999 WL 111889, at *2 (remanding the action where

12 proof of service on the non-removing defendant was filed in state

13 court over a month before the notice of removal).  Further,

14 defendant Bankers not only checked the state docket for proof of

15 service on the other named defendants, but also attempted to

16 contact Bunker and Nowak multiple times to ascertain whether they

17 had been served with the Summons and Complaint.  Cf. Pianovski,

18 925 F. Supp. at 87; Harlow, 2005 WL 1153600, at *3; Keys, 1994 WL

19 75037, at *2.  Bankers did not receive a response from either co-

20 defendant.  Accordingly, the court finds that defendant Bankers

21

22    [3]    The court finds that Bankers' statement in the removal
papers, that it was informed and believed that it was the only
defendant that has been served, sufficiently explained the
23 absence of the other defendants in the removal.  See Prize Frize,
167 F.3d at 1266.  Further, plaintiff's reliance on the court's
24 opinion in Garcia-Pardini v. Metro. Life Ins. Co. is misplaced.
No. O1-0088, 2001 WL 590037, at *1 (N.D. Cal. May 17, 2001).  In
25 Garcia-Pardini, the court remanded the action because the
removing defendant failed to explain the absence of the co-
26 defendant in its notice of removal.  Id.  Conversely, in this
case, while it did not detail its efforts in arriving at its
27 information and belief, Bankers did explain that the absence of
its co-defendants in its Notice of Removal was based upon lack of
28 service.

1  exercised reasonable diligence their actions to discern whether

2  service had been effected on the other defendants.  As such, the

3  requirement that all defendants join in or consent to removal is

4  satisfied.[4]

5                              **CONCLUSION**

6       For the foregoing reasons, plaintiff's motion to remand this

7  action to the Superior Court of California for the County of

8  Placer is DENIED.

9       IT IS SO ORDERED.

10 DATED: December 15, 2008

13 FRANK C. DAMRELL, JR.
   UNITED STATES DISTRICT JUDGE

---

27    [4]    Because defendant was not required to obtain the
consent of the other defendants in this matter, the court does
not reach Bankers' arguments regarding fraudulent joinder and
28 improper service.

7