UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PATRICIA CALKINS, f/n/a/
PATRICIA OETMAN,

       Plaintiff,

  v.

BANKERS LIFE AND CASUALTY
COMPANY; MICHAEL A. NOWAK; THE
BUNKER INSURANCE GROUP, INC.,

       Defendants.

No. CIV. 08-2205 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Michael A. Nowak's ("Nowak") motion to dismiss pursuant to Rule 12(b)(2)[1] of the Federal Rules of Civil Procedure.[2] Plaintiff Patricia

/////

---

[1] Nowak does not reference the Federal Rules of Civil Procedure in his motion; rather, he refers to the California Code of Civil Procedure and cites primarily to state law. In federal court, procedural issues are governed by federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Because Nowak is challenging personal jurisdiction, the proper basis for this motion is Rule 12(b)(2).

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

1

Calkins' ("Calkins") opposes the motion. For the reasons set forth below,[3] defendant Nowak's motion to dismiss is GRANTED.

**BACKGROUND**

In October 1999, plaintiff Calkins purchased a Long Term Care Policy (the "Policy") from defendant Bankers Life and Casualty Company ("Bankers"). (Compl., Ex. 1 to Notice of Removal, filed Sept. 17, 2008, ¶ 9; Decl. of Michael A. Nowak in Supp. of Def.'s Mot. to Dismiss ("Nowak Decl."), filed Oct. 23, 2008.) At the time, defendant Nowak was a sales agent for Bankers and sold the Policy to Calkins. (Nowak Decl. ¶ 4.) Plaintiff alleges that Nowak represented to her that the Policy's premiums would not increase. (Compl. ¶ 18.) However, on August 4, 2006, defendant Bankers Life and Casualty Company ("Bankers") sent plaintiff a Billing Notice, informing her that her premiums had increased. (Id. ¶ 19.)

Defendant Nowak has been a resident of Michigan since approximately 1973. (Nowak Decl. ¶ 3.) He is licensed as a "Life and Health Insurance Agent" in the State of Michigan, and has been a sales agent in Michigan since 1998. (Id.) Nowak is not licensed, nor has he ever been licensed, to conduct business in California. (Id.) He has never solicited or conducted business in California, nor does he maintain any business presence in California. (Id. ¶¶ 6, 8.) Nowak has never been to California. (Id. ¶ 9.)

/////

---

[3] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

2

1     At the time plaintiff Calkins purchased the Policy, she
2  resided in Michigan.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss
3  ("Opp'n"), filed Dec. 30, 2008, at 1.)  All dealings with and
4  surrounding the sale of the Policy took place in Michigan.
5  (Nowak Decl. ¶ 4.)  All of the work performed by Nowak on the
6  Policy was performed in Michigan, pursuant to Michigan's laws
7  regarding the sale of such policies.  (Id. ¶ 5.)  However, the
8  Policy contains no residency requirements for benefits.
9  (Supplemental Decl. of Michael A. Nowak ("Supp. Nowak Decl."),
10 filed Dec. 15, 2008, ¶ 5.)  Subsequently, plaintiff moved to
11 California; she informed defendant Bankers of her Change of
12 Address on or about October 8, 2007.  (Compl. ¶ 23.)  Calkins
13 argues that her premiums increased while she was a resident of
14 California and the she paid premiums on the Policy from
15 California.  (Compl. ¶ 11; Opp'n at 2, 6.)  Nowak has not
16 received any premium payments on renewals for the Policy since he
17 left Bankers in approximately 1999 or 2000.  (Supp. Nowak Decl. ¶
18 4.)
19     On July 25, 2008, plaintiff filed a complaint in the
20 Superior Court of California for the County of Placer, alleging
21 claims for (1) Negligent Misrepresentation against all
22 defendants; (2) Intentional Misrepresentation against all
23 defendants; and (3) Professional Negligence against defendant
24 Michael A. Nowak ("Nowak") and The Bunker Insurance Group, Inc.
25 ("Bunker").  (Compl., Ex. 1 to Notice of Removal, filed Sept. 17,
26 2008.)  Defendant Bankers removed the case to this court on
27 September 17, 2008, on the basis of diversity jurisdiction.
28 /////

**ANALYSIS**

Defendant Nowak moves to dismiss plaintiff Calkin's complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993) (citation omitted). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." Id. at 1484 (citation omitted). Thus, only constitutional principles constrain the jurisdiction of a federal court in California. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). "Due process requires that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotations omitted); see Burger King v. Rudzewciz, 471 U.S. 462, 476 (1985).

Once a defendant challenges jurisdiction, the burden of proof to show that jurisdiction is appropriate lies with the plaintiff. Sher, 911 F.2d at 1361. When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed. Id.

1    A court may exercise either general or specific jurisdiction
2 over a non-resident defendant.  "General jurisdiction exists when
3 a defendant is domiciled in the forum state or his activities
4 there are 'substantial' or 'continuous and systematic.'"
5 Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir.
6 1998) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall,
7 466 U.S. 408, 414-416 (1984)).  When a defendant does not reside
8 in the forum state, the contacts must be such that they
9 "approximate physical presence in the forum state."
10 Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir.
11 2004) (quoting Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir.
12 2000)).  "This is an exacting standard, as it should be, because
13 a finding of general jurisdiction permits a defendant to be haled
14 into court in the forum state to answer for any of its activities
15 anywhere in the world."  Id. (citing Brand v. Menlove Dodge, 796
16 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general
17 jurisdiction was denied despite the defendants' significant
18 contacts with forum)).  Plaintiff concedes that defendant Nowak
19 does not have systemic and continuous physical contacts with
20 California sufficient to justify general personal jurisdiction.
21 (Opp'n at 3.)

22    Where general jurisdiction does not exist, the court may
23 still determine whether the defendant has had sufficient minimum
24 contacts with the state, as it relates to the pending litigation
25 against it, in order to justify the exercise of specific
26 jurisdiction.  See Omeluk v. Langsten Slip & Batbyggeri A/S, 52
27 F.3d 267, 270 (9th Cir. 1995).  In determining whether a district
28 court can exercise specific jurisdiction over a defendant, the

5

Ninth Circuit has articulated the following three-part test:

> (1) the nonresident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Core-Vent, 11 F.3d at 1485 (citation omitted).

### 1. Purposeful Direction

In order to satisfy the first prong of the three-part test, Calkins must establish either that Nowak (1) purposely availed himself of the privilege of conducting business in California; or (2) purposely directed his activities at California. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006). The Ninth Circuit has clarified that although courts sometimes use the phrase "purposeful availment" to include both purposeful availment and direction, they are two distinct concepts. Id. "Evidence of availment is typically action taking place *in* the forum that invokes the benefits and protections of the laws in the forum." Id. at 1156 (emphasis added). In contrast, "[e]vidence of direction generally consists of action taking place *outside* the forum that is directed at the forum," such as distribution and advertising. Id. (citing Schwarzenegger, 374 F.3d at 802) (emphasis added).

In this case, Calkins fails to present any evidence that any actions by Nowak were taken in California. Rather, the evidence

reveals that Nowak has never been in California and has never conducted business in California by himself or through a representative. As such, this type of evidence supports the application of the purposeful direction test. See id.

In determining whether a defendant has purposely directed its activities at a forum in order to give rise to specific jurisdiction, courts apply the "effects test" set forth by the Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). Core-Vent, 11 F.3d at 1485-86. In order to satisfy this test, a plaintiff must show that the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." Bancroft, 223 F.3d at 1087.

The intentional act in this case is defendant Nowak's sale of an insurance policy to plaintiff, including the attendant alleged representations made during that sale. However, all dealings with and surrounding the sale of the Policy took place in Michigan through a Michigan insurance sales agent to a Michigan resident. There is no evidence that the sale of the insurance policy was aimed at California.

Plaintiff asserts that the harm occurred in California because she was residing in California when the premiums were increased. She also asserts that Nowak knew that the Policy did not have a residency requirement, such that she did not have to live in Michigan to receive the benefits of the insurance. However, plaintiff fails to make any allegations or present any

evidence[4] that Nowak knew or could have reasonably expected plaintiff to move to California.  Moreover, Nowak has not received any premium payments on renewals for the Policy since he left Bankers in approximately 1999 or 2000.  While plaintiff fails to present any evidence of when she moved to California, she did not inform defendant Bankers of her change of address until on or about October 8, 2007, at least seven years after Nowak had left his employment with Bankers.  In any event, there is no evidence that Nowak derived any benefit from plaintiff when she was in the forum state.

As such, because plaintiff has failed to demonstrate that defendant Nowak intentionally directed any act towards California or that Nowak knew that any harm was likely to be suffered by plaintiff in California, Calkins fails to satisfy the Calder "effects test" and thus, fails to demonstrate purposeful direction. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980) (holding that where there was no evidence that defendants sold, marketed, or distributed products to the forum state, that the products were capable of use in another state and that harm was suffered in the forum state was insufficient to satisfy purposeful availment); Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986) (holding that a corporation that did not engage in affirmative conduct to deliver its product to the forum state, but passively made a sale it allegedly knew would

/////

---

[4] Plaintiff fails to submit an declarations or other evidence to support her assertion that the court has personal jurisdiction over defendant Nowak.

affect that state, was insufficient to amount to purposeful direction).

**2.   Reasonableness**

"Jurisdiction may be established with a lesser showing of minimum contacts 'if considerations of reasonableness dictate.'" Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002) (quoting Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986)). "Under this analysis, there will be cases in which the defendant has not purposely directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986).

Where a defendant has not directed its activities at a forum state, there is no presumption of reasonableness. Brand, 796 F.2d at 1075. In determining whether the exercise of specific jurisdiction is reasonable, the court must weigh the following seven factors:

(1) the extent of the defendant['s] purposeful interjection into the forum state's affairs;
(2) the burden on the defendant of defending in the forum;
(3) the extent of conflict with the sovereignty of the defendant['s] state;[5]
(4) the forum state's interest in adjudicating the dispute;
(5) the most efficient [forum for] judicial resolution of the controversy;
(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and,
(7) the existence of an alternative forum.

---

[5] The parties do not discuss any conflict with the sovereignty of defendant's state.

9

1   Core-Vent, 11 F.3d at 1487-88 (citation omitted).
2         In this case, there is no evidence that Nowak purposely
3   interjected himself into California's affairs.  Defendant Nowak
4   has never been to California.  (Nowak Decl. ¶ 9.)  He has never
5   solicited or done business in California.  (Id. ¶ 6.)  He has no
6   offices, representatives, or employees in California.  (Id. ¶ 7.)
7   He has never actively sought clients or maintained a business
8   presence in California.  (Id. ¶ 8.)  The only tangential
9   connection that Nowak has to California is that he sold an
10  insurance policy that did not have a residency restriction to an
11  individual who subsequently moved to California.  However, there
12  is no evidence that he ever received any premiums or benefits
13  from plaintiff while she was in California.  As such, Nowak's
14  attenuated interjection in California's affairs is minimal, if
15  not non-existent.  Cf. Plant Food Co-op v. Wolfkill Feed &
16  Fertilizer, 633 F.2d 155, 159 (9th Cir. 1980) (holding that
17  jurisdiction was proper where distributer, who shipped product
18  directly to Montana on the orders of Washington middlemen, knew
19  the product was bound for the forum state and received financial
20  benefit).
21        Plaintiff asserts that California has an interest in
22  protecting its citizens from fraud by insurance companies and
23  their agents.  However, Nowak is not licenced to conduct business
24  in California, nor is there any evidence that he conducted
25  business with plaintiff in California.  Rather, plaintiff lived
26  in Michigan when the alleged misrepresentations were made.
27  Further, while plaintiff conclusorily asserts that California is
28  the "only state in which Calkins can bring her claim," she fails

to offer any explanation, argument, or legal support for why she could not bring this claim in Michigan.

Plaintiff asserts that it would be more convenient and effective to have her claim adjudicated in California because she moved to California to be with her family and was 71 years old at the time the complaint was filed.[6]  While it may be more convenient for Calkins to litigate all claims in this forum, such convenience does not outweigh the interests of due process. Rather, Nowak has presented evidence that he has had virtually no contacts with California.

Accordingly, under the circumstances presented by the parties in this case, the exercise of personal jurisdiction over Nowak is not reasonable.

**CONCLUSION**

For the foregoing reasons, defendant Nowak's motion to dismiss for lack of personal jurisdiction is GRANTED.

IT IS SO ORDERED.

DATED: January 9, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff notes that the burden on Nowak appearing in California is slight due to ease of modern travel and communication.  However, such argument could similarly be applied in requiring Calkins' to litigate her claims against Nowak in an alternative forum in which he has greater contacts.